KITTIE A. KNAPP, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2775.   Promulgated July 29, 1927.

The excess of deductions for depletion based on minimum royalties, over the actual depletion sustained, does not constitute income to a lessor in the year in which the lease is abandoned.

*Frank W. Wilson*, *C. P. A.*, for the petitioner.
*John W. Fisher*, *Esq.*, for the respondent.

This proceeding is for the redetermination of a deficiency in income tax for the year 1919 in the amount of $550.67, and is based upon an alleged error of the Commissioner in adding to income in that year the difference between the depletion claimed by the petitioner upon minimum royalties received by her as one of the lessors of an iron mine, and the actual depletion of the mine when it was abandoned in 1919.

### FINDINGS OF FACT.

The petitioner is the owner of an undivided interest in the fee of an iron mine in Minnesota. This mine was leased on September 4,

1912, on a royalty basis, the lease providing for a minimum payment each year of 50,000 tons of ore. The lease was abandoned by the lessee in the year 1919. In each of the years except 1913 and 1919, the petitioner was paid royalties on the minimum royalty basis, but in none of the years to the time the lease was abandoned, did the lessee mine and ship the minimum requirement of the lease. The petitioner, in computing the depletion allowance in each year, deducted depletion on the basis of the minimum royalties, which deductions were allowed by the respondent. Upon the abandonment of the lease in 1919, the respondent computed depletion actually sustained from the date of the lease to its abandonment and deducted the amount thereof from the depletion allowed the petitioner over the same period on the basis of the minimum royalties, and added the difference to income for the year 1919.

The following tables show the royalties reported as income by the petitioner, royalties received by her, tons of ore paid for, tons of ore shipped, depletion claimed by the petitioner, depletion allowed by the respondent, and the petitioner's income for the year 1919 as computed by the respondent:

| Year | Royalty reported on income-tax returns | Royalty received by petitioner | Tons paid for | Tons shipped from property | Depletion claimed by petitioner | Depletion allowed by Commissioner |
|---|---|---|---|---|---|---|
| 1913 [1] | | $1,312.50 | 12,500 | | | |
| 1914 [1] | | 5,250.00 | 50,000 | 8,095 | | |
| 1915 [1] | | 5,250.00 | 50,000 | 26,942 | | |
| 1916 [1] | | 5,250.00 | 50,000 | 26,448 | | |
| 1917 | $7,000.00 | 5,250.00 | 50,000 | 42,642 | $3,080.00 | $3,080.00 |
| 1918 | 7,000.00 | 5,250.00 | 50,000 | 6,187 | 3,080.00 | 3,080.00 |
| 1919 | | 2,071.18 | 28,297 | | 2,971.18 | 1,163.01 |

[1] No returns filed.

Net income reported on return_____ $6,295.08
Royalties not reported_____ $2,971.18
Depletion allowed on the royalty_____ 1,163.01

Difference to be added to net income_____ 1,808.17
Depletion allowed petitioner to date of surrender of lease_ 7,323.01
Depletion sustained by petitioner to date of surrender of lease _____ 4,533.91

Difference to be added to net income_____ 2,789.10

Total net income subject to tax_____ 10,892.35

OPINION.

MARQUETTE: It is the contention of the petitioner that under section 5(a) Eighth (b) of the Revenue Act of 1916, as amended by the

108346°—28——53

Revenue Act of 1917, she was entitled to a deduction for depletion "not to exceed the market value in the mine of the product thereof which has been mined and sold during the year for which the return and computation was made"; and that the respondent was in error in adding to income for the year 1919, when the lease was abandoned, any greater amount than the difference between the depletion properly allowable to her for prior years under that section of law, and the amount of depletion actually sustained in those years. On the other hand, the respondent contends that his action in increasing the petitioner's income for the year 1919 was proper, and he relies upon article 215(d) of Regulations 45 (1920 Edition), which provides:

Upon the expiration, termination, or abandonment of a lease, without the removal of any or all of the mineral contemplated by the lease, the lessor shall be required to restore to capital account so much of the bonus received and deducted from capital recoverable through depletion as is in excess of the actual depletion or loss in value sustained as a result of the operations under the lease and the corresponding amount will be income for the year in which the lease expires, terminates, or is abandoned.

We are unable to agree with either the petitioner or the respondent. In our view of the case the action of the respondent in requiring the inclusion in income for 1919 of any part of the difference between the depletion deductions allowed in prior years and the actual depletion sustained in those years, is without authority of law, and the regulations permitting or requiring such procedure are to that extent invalid. How excessive deductions allowed in prior years can, upon the happening of a specified event in a subsequent year, become income, is beyond our comprehension. If the respondent chooses to permit a depletion allowance on the basis of minimum royalties, he must take the risk of excessive deductions by taxpayers depleting their properties upon such basis, but taxpayers can not be required to return as income, when a lease is abandoned, the amount of depletion theretofore allowed in excess of the amount of depletion actually sustained.

We are of the opinion that no part of the depletion allowed the petitioner in the years prior to 1919, in excess of the amount of depletion sustained, is or can be, within the meaning of the law, income for the year 1919.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*

ARUNDELL concurs in the result.